# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK LEE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1536 NAB |
| | ) | |
| MARK TWAIN HOTEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kendrick Harris for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants are the Mark Twain Hotel; Bunty Singh, hotel manager; Renee Unknown, hotel manager; Tamika Unknown, hotel clerk; and Unknown Frost, police officer.

Plaintiff alleges that on August 18, 2012, he was asked to leave the Mark Twain Hotel because he refused to talk to defendant Tamika Unknown. Plaintiff claims that he returned to the hotel to pick up his mail and that Tamika called the police, stating that plaintiff was trespassing. Plaintiff asserts that defendant Unknown Frost arrested him; plaintiff says that Frost refused to transport plaintiff's backpack to the jail, telling plaintiff that he would never see his backpack again. Plaintiff avers that Frost threatened to shoot or taze plaintiff if plaintiff "did not tell him where a gun was."

Plaintiff maintains that he was detained for about two days. Plaintiff alleges that Frost subsequently asked him "to please drop internal affairs complaint."

## Discussion

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. See White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate his constitutional rights. As a result, the complaint is legally frivolous as to defendants the Mark Twain Hotel, Bunty Singh, Renee Unknown, and Tamika Unknown.

Plaintiff's allegations that defendant Frost threatened to shoot him or taze him if he failed to produce a gun do not rise to the level of a constitutional violation. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). Moreover, plaintiff's statement that Frost did

not transport his backpack to the jail does not state a claim under § 1983. To the extent that plaintiff wishes to bring a claim for deprivation of personal property, he must file a replevin action in state court. See Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin). As a result, the complaint is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of August, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE